**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00135-CV**
_____

**IN THE INTEREST OF A.B. AND K.B.**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-220,202**

## MEMORANDUM OPINION

The trial court terminated appellant's parental rights to A.B. and K.B. In this accelerated appeal, appellant presents five issues challenging the legal and factual sufficiency of the evidence. *See* Tex. Fam. Code Ann. § 263.405 (West 2014). We affirm the trial court's order of termination.

### Background

The Texas Department of Protective and Regulatory Services ("the Department") removed A.B. and K.B. from their parents' care in February 2014. C.B., the children's mother, testified that she and appellant had both used drugs before the children were born and that, several years later, they both relapsed

1

shortly before the children's removal. She testified that the relapse lasted approximately twelve days. She testified that drugs were used in the home. The record also demonstrates that appellant had been convicted of driving while intoxicated in 2012. C.B. testified that appellant has been arrested about five times.

C.B. also testified to a violent relationship with appellant, which included police involvement and instances when appellant physically harmed her, waved a gun around, and placed a gun in his mouth and to his head. C.B. testified that the children sometimes witnessed the physical abuse. According to C.B., the children were asleep in the home during one instance when appellant hit her, kicked her, and threw furniture. C.B. suffered internal bleeding, a concussion, and bruised ribs. C.D. had also seen appellant hit his brother. She testified that the violence lasted approximately five years, but that appellant was never violent toward the children and she did not believe the children were impacted by having witnessed any abuse.

C.B. testified that appellant had since changed, she had seen him control his temper, and he had lived with C.B. and her husband for about a month. She testified that appellant is a good father when he is sober and she did not believe his parental rights should be terminated. C.B. testified that appellant has two other children who reside with their mother and step-father and that appellant supports these children financially.

2

Lynda Porter, a foster care worker, testified that appellant was arrested for aggravated assault after the children's removal and had tested positive for drug use both before and after the removal. According to Porter, appellant had been staying at a hotel using drugs, left the hotel out of fear he was being pursued by the Aryan Nation, and went to a McDonald's drive-through with a knife in his hand, which led to his arrest for aggravated assault. She testified that appellant failed to complete counseling and a psychological exam. Further, appellant failed to provide Porter with proof of attending Alcoholics Anonymous and Narcotics Anonymous meetings. Porter believed appellant needed drug treatment and she testified that she would have helped appellant find a treatment center had he sought her help.

Porter also testified that appellant failed to obtain and maintain safe and stable housing. According to Porter, appellant had lived in several locations and was living in a shop the last time Porter spoke with him. The shop doubled as a recording studio and detailing business. Porter testified that a shop was not an appropriate place for children to live. She testified that appellant received social security disability and performed odd jobs.

C.B. testified that the children seem happy in their current placement, but she also observed a sense of pain, loss, or insecurity and she believed that the children did not understand the situation. According to Porter, the children are

3

doing well in school and have a good relationship with their foster parents. She testified that a maternal cousin, paternal uncle, and the foster parents all expressed interest in being a permanent placement for the children. Porter testified that the children love their parents and look forward to seeing them. However, Porter explained that appellant's drug use and violent behavior endangered the children's physical and emotional well-being. She testified that children need permanency and that A.B. and K.B. had not been in a safe and stable environment for several years; thus, she believed termination to be in the children's best interest.

The trial court found that appellant: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being; (3) failed to comply with the provisions of a court order that specifically established the actions necessary for appellant to obtain the children's return; and (4) used a controlled substance in a manner that endangered the children's health or safety and failed to complete a court-ordered substance abuse treatment program or continued abusing a controlled substance after completing court-ordered treatment. The trial court found termination to be in the children's best interest.

Legal and Factual Sufficiency

In issues one through five, appellant contends that the evidence is legally and factually insufficient to support the trial court's findings that (1) termination is proper under Texas Family Code section 161.001(1)(D), (E), (O), and (P); and (2) termination was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001 (West 2014). Under legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id*. If no reasonable factfinder could form a firm belief or conviction that the matter which must be proven is true, the evidence is legally insufficient. *Id*.

Under factual sufficiency review, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id*. We give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. We consider "whether disputed evidence is such that a reasonable factfinder could not

5

have resolved that disputed evidence in favor of its finding." *Id*. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*.

The decision to terminate parental rights must be supported by clear and convincing evidence, *i.e.*, "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014); *In the Interest of J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). The movant must show that the parent committed one or more predicate acts or omissions and that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001; *see also J.L.*, 163 S.W.3d at 84. A judgment will be affirmed if any one of the grounds is supported by legally and factually sufficient evidence and the evidence supporting the best interest finding is also supported by legally and factually sufficient evidence. *In the Interest of C.A.C.*, No. 09-10-00477-CV, 2011 Tex. App. LEXIS 3385, at *2 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.).

Section 161.001(1)(D) allows for termination if the trial court finds by clear and convincing evidence that the parent has "knowingly placed or knowingly

6

allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" Tex. Fam. Code Ann. § 161.001(1)(D). The "endangerment analysis focuses on the evidence of the child's physical environment, although the environment produced by the conduct of the parents bears on the determination of whether the child's surroundings threaten his well-being." *Jordan v. Dossey*, 325 S.W.3d 700, 721 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The trial court may consider parental conduct both before and after the child's birth. *Id*. Regarding the children's best interest, we consider a non-exhaustive list of factors: (1) desires of the child; (2) emotional and physical needs of the child now and in the future; (3) emotional and physical danger to the child now and in the future; (4) parental abilities of the individuals seeking custody; (5) programs available to assist these individuals to promote the best interest of the child; (6) plans for the child by these individuals or by the agency seeking custody; (7) stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *see* Tex. Fam. Code. Ann. § 263.307(b) (West 2014).

In this case, the trial court heard evidence that appellant had not only been violent toward C.B., the mother of his children, but had also exhibited violent conduct toward his own brother. One violent episode led to C.B. suffering severe injuries. Additionally, appellant had engaged in conduct that suggested an intention to harm himself. The trial court heard C.B. testify that the children had either been present in the home when some of the abuse occurred or had observed the abuse. The trial court could consider appellant's abusive and violent conduct, as well as his threats of self harm, as creating an environment that endangered the children's physical or emotional well-being. *See In the Interest of R.W.,* 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied); *see also In the Interest of J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.).

The evidence also demonstrates that appellant participated in illegal drug use both before and after the children's removal. Drugs were used in the home where the children lived, and the children were exposed to appellant when he used drugs. Even after the children's removal, appellant tested positive for illegal narcotics. Illegal drug use can create an environment that endangers a child's physical and emotional well-being. *R.W.*, 129 S.W.3d at 739.

Additionally, the trial court could consider appellant's conduct subjecting the children to a life of uncertainty and instability. *See In the Interest of M.R.J.M.*,

280 S.W.3d 494, 503 (Tex. App.—Fort Worth 2009, no pet.). The record demonstrates that appellant lived in different locations in the months before trial and was living in a shop as of Porter's last conversation with appellant. Porter opined that appellant had not established safe and stable housing for the children. Evidence that appellant was arrested numerous times in the past, convicted of driving while intoxicated in 2012, and arrested for aggravated assault after the children's removal is likewise relevant to whether he engaged in a course of conduct that endangered the children. *See In the Interest of S.R.*, 452 S.W.3d 351, 360-61 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Under these circumstances, the trial court could reasonably conclude that appellant's conduct created an environment that endangers the children's physical and emotional well-being and could infer from his past endangering conduct that similar conduct would recur if the children were returned to appellant. *See M.R.J.M.*, 280 S.W.3d at 502; *see also J.T.G.*, 121 S.W.3d at 125. The trial court could reasonably have formed a firm belief or conviction that appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(1)(D).

Regarding the children's best interest, the record does not indicate that the children informed the trial court of their desires. The trial court heard evidence that the children are doing well in school and in general, and that family members and the foster parents were interested in adopting the children. The trial court heard evidence that appellant's violent past, criminal history, lack of stable housing, and untreated drug use had created an endangering environment for the children and that termination would provide the children with permanency in an adoptive home. "[T]he prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." Tex. Fam. Code Ann. § 263.307(a). As the sole judge of the witnesses' credibility and the weight to be given their testimony, the trial court could reasonably conclude that appellant was unable to provide such an environment for A.B. and K.B. The trial court could reasonably have formed a firm belief or conviction that termination of appellant's parental rights was in the children's best interest. *See id*. §§ 161.001(2), 263.307(a), (b); *see also J.F.C.*, 96 S.W.3d at 266; *Holley*, 544 S.W.2d at 371-72.

Accordingly, we conclude that the Department established, by clear and convincing evidence, that appellant committed the predicate act enumerated in section 161.001(1)(D) and that termination is in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001. We overrule issues one and five and need not

10

address issues two, three, and four regarding section 161.001(E), (O), and (P). *See C.A.C.*, 2011 Tex. App. LEXIS 3385, at *2; *see also* Tex. R. App. P. 47.1. We affirm the trial court's order of termination.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 23, 2015
Opinion Delivered August 13, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.